IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CV-00166-RLV
(5:05-CR-235-RLV-DCK-4)

| | |
|---|---|
| CHAD TYRONE KINCAID, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on remand from the United States Court of Appeals for the Fourth Circuit. (Doc. No. 12).

## I. BACKGROUND

On August 23, 2005, Petitioner and twelve others were indicted on a charge of conspiracy to possess with intent to distribute a quantity of cocaine and cocaine base, in violation of 21 U.S.C. § 846. (5:05-CR-235, Doc. No. 3: Indictment). The Government served Petitioner with written notice of its intention to seek enhanced penalties pursuant to 21 U.S.C. § 851 and therein identified the following North Carolina convictions: two 1995 convictions in Caldwell County Superior Court on counts of possession with intent to sell and deliver cocaine; and one 1997 and one 2000 conviction for felony possession of cocaine in Caldwell County Superior Court. (Id., Doc. No. 20). In his federal criminal case, Petitioner was appointed counsel and entered into a written plea agreement with the Government and agreed to plead guilty to Count One of his indictment and was informed that he faced a maximum term of life imprisonment. Petitioner also agreed to waive his right to collaterally attack his sentence except on the grounds of ineffective

1

assistance of counsel or prosecutorial misconduct. (Id., Doc. No. 145: Plea Agreement). Petitioner's plea of guilty was accepted following a Rule 11 Plea Colloquy and he was later sentenced to a term of 190-months' imprisonment after the Court granted the Government's motion for downward departure pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e). (Id., Doc. No. 379: Judgment in a Criminal Case). Petitioner did not file a direct appeal from this judgment.

On November 7, 2012, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, by and through counsel.[1] In the motion, Petitioner argued that he was entitled to relief based on, among other authority, the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).[2] (5:12-CV-00166, Doc. No. 3). In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or a controlled substance offense] the individual defendant must have been convicted of an offense for which that defendant could have been sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Court held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

---

[1] The district judges appointed the Federal Defenders of Western North Carolina to represent defendants convicted in this district to determine if they might be eligible for post-conviction relief based on the Fourth Circuit's en banc decision in Simmons. See (3:12-mc-92: Order of Appointment, filed May 22, 2012).

[2] Petitioner included alternative claims for relief from his sentence pursuant to 28 U.S.C. § 2241, and through petitions for a writ of coram nobis or audita querela. These alternative claims were denied.

Following an initial review of his § 2255 motion, this Court denied relief after finding that the motion was untimely and that in any event, the Fourth Circuit's opinion in United States v. Powell, 691 F.3d 554 (4th Cir. 2012) precluded relief. See id. at 560-61 ("Because the Supreme Court's decision in [Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010)] at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that Carachuri is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review.").

Petitioner filed a notice of appeal and the Fourth Circuit held the appeal in abeyance pending resolution of the appeal in Miller v. United States, No. 13-6254 (4th Cir. Apr. 17, 2013) (Id., Doc. No. 11). On August 21, 2013, the Fourth Circuit decided Miller v. United States, 735 F.3d 141(4th Cir. 2013), and the Fourth Circuit later entered an Order granting a motion to remand the case to this Court for further reconsideration in light of the Court's decision in Miller.

## II.     DISCUSSION

**A.**     Miller v. United States

In Miller, the Fourth Circuit considered a claim of actual innocence in a § 2255 proceeding where defendant Miller had been convicted of being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g). The grand jury in the Western District indicted Miller for the § 922(g) offense after finding that he had been convicted of a felony in state court in North Carolina that was punishable by more than one year in imprisonment under federal law. The record before the district court demonstrated that Miller had previous convictions in North Carolina for felony possession of cocaine, and the felony offense of threatening a court officer.

Petitioner was sentenced to a term of 6 to 8 months' imprisonment for each conviction.

In 2008, Miller was convicted in this district of a single 922(g) offense and he did not appeal his conviction. Rather, some four years later Miller filed a § 2255 motion contending that in light of Simmons he was actually innocent because he did not have valid prior convictions for which he could have been sentenced to more than one year in prison. Consequently, as Miller argued, he had no prior felony which could support a charge of a violation of 18 U.S.C. § 922(g), let alone a conviction.[3]

The Court noted that at the time Miller was sentenced, his prior state convictions were properly classified as felonies under then-existing precedent. Miller, 735 F.3d at 144-45 (citing Harp, supra). However, the Court explained that the intervening en banc decision in Simmons had expressly overruled Harp by holding that whether a prior conviction actually serves as a felony, and exposes a defendant to in excess of one year imprisonment, can only be determined by examining the individual defendant before the sentencing court, and not a hypothetical defendant with the worst possible criminal record. Id. ("In Simmons, this Court held that a defendant's prior conviction for which he could not have received more than a year in prison under North Carolina's mandatory Structured Sentencing Act (SSA) was not 'punishable' by more than one year in prison and is not a felony offense for purpose of federal law.") (citing Simmons, 649 F.3d at 243). The Court found that based on the holding in Simmons, Miller could not presently be sentenced to in excess of one year on either of the state felony convictions.

The Court next examined whether Miller was entitled to the retroactive application of the Court's en banc decision in Simmons. The Court found that "Simmons did announce a

---

[3] "What constitutes a conviction [of a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction where the proceedings were held." See Miller, 735 F.3d at 144 (quoting 18 U.S.C. § 921(a)(20)).

substantive rule when it applied <u>Carachuri's</u> principles and then narrowed the class of offenders and range of conduct that can be subject to punishment." <u>Miller</u>, 735 F.3d at 147. The Court then concluded that the substantive rule announced in <u>Simmons</u> is retroactive to cases on collateral review. Miller's § 922(g) conviction was therefore vacated and his case was remanded to the district court with directions that his § 2255 motion to vacate his conviction be granted.

  B. <u>Petitioner's Section 2255 Proceeding</u>

  Following remand, this Court entered an order seeking the Government's position on Petitioner's claim for relief and the Government has filed a timely response. The Government has specifically agreed to waive the one-year statute of limitations under § 2255(f) in this case and declines to seek enforcement of Petitioner's decision his waive his right to collaterally attack his sentence. The Response notes that the one-year time limitation is normally an affirmative defense which the Government must plead. (5:12-CV-00166, Doc. No. 11). The Court observes that if the Government chooses to intentionally waive this defense then district courts are not simply free to ignore such a decision. See <u>Day v. McDonough</u>, 547 U.S. 198, 202, 209 (2006); <u>Wood v. Milyard</u>, 132 S. Ct. 1826, 1834-35 (2012) ("[W]aiver is the 'intentional relinquishment or abandonment of a known right.'" (quoting <u>Kontrick v. Ryan</u>, 540 U.S. 443, 458 n.13 (2004) (internal citation omitted). The Court finds that the Government has made a knowing and deliberate waiver of this limitation defense and of its ability to seek enforcement of Petitioner's waiver in his plea agreement. Accordingly, the Court will proceed to consider the merits of Petitioner's claim and the Government's response thereto.

  The parties agree that based on the prevailing precedent, that Petitioner's prior drug convictions do not qualify him for the recidivist enhancement applied pursuant to 21 U.S.C. § 851 because he could not have been sentenced to in excess of one year. <u>See</u> (Doc. No. 17:

5

Government's Response at 8).

The Court finds that based on the express holding in <u>Miller</u>, and noting the consent of the Government, the Petitioner is entitled to relief in this collateral proceeding. For the reasons stated herein, and in accordance with the Fourth Circuit's mandate, the Court finds that Petitioner's motion to vacate should be allowed.

### IV. CONCLUSION

**IT IS, THEREFORE ORDERED** that:

1. Petitioner's motion to vacate his sentence under 28 U.S.C. § 2255 is **GRANTED**.

2. All remaining provisions of Petitioner's criminal judgment shall remain unchanged pending further orders of this Court. (5:05-CR-235, Doc. No. 379: Judgment).

3. Petitioner shall remain in the custody of the Federal Bureau of Prisons pending his resentencing hearing.

4. The U.S. Probation Office shall prepare a Supplemental Presentence Report in advance of Petitioner's resentencing hearing and file the same in the criminal case.

5. The Federal Defenders of Western North Carolina shall represent Petitioner for the purpose of the resentencing hearing.

6. The Clerk of Court shall coordinate the date of the resentencing with Chambers.

7. The Clerk's Office shall notify the Petitioner, the U.S. Attorney, the Federal Defenders of Western North Carolina, the U.S. Marshals Service, and the U.S. Probation Office of the date of the resentencing hearing.

8. The parties shall file sentencing memoranda no later than two (2) weeks prior to the resentencing hearing.

The Clerk of Court is respectfully directed to certify copies of this Order to the Petitioner,

the Federal Defenders of Western North Carolina, the U.S. Attorney, the U.S. Marshals Service, and the U.S. Probation Office.

**IT IS SO ORDERED.**

Signed: April 16, 2014

Richard L. Voorhees
United States District Judge